COwen, J. On principle,
1 should think that to be necessary. As a general rulé, service must be made on the attor *636 ney, but an exception is made by rule 8th, where the attorneys for the respective parties reside in different counties, or more than forty miles from each other in the same county. The practice is general, that where you show a special service out of the ordinary and primary way, because it is justified by any particular circumstance making an exception, such circum-' stance must be shown. Service on an attorney’s clerk, or in his office, or on some one of his family, are familiar instances. " So the service of process in all the courts is primarily personal, but often there are secondary modes. When these are resorted to, the circumstances justifying them must always be stated.
It is said, however, quod communis error facit jus; and that the practice has always been different in proving secondary service upon an agent. ■ I will inquire of the other judges how that may be. I find no precedent nor rule of practice in any book one way or the other.
At a subsequent day, Cowen, J. said: I have inquired of the judges, and none of us remember an instance where, in proving the service of papers on an agent or a clerk of court, it has been thought necessary to show the reason. Simple proof of service by affidavit, or by admission of the person served, has always been held prima facie sufficient. The motion must therefore be granted, with costs.
Rule accordingly.